ALPHEUS HALL, plaintiff below, *vs.* BENJAMIN ADAMS, defendant below.—*IN ERROR.*

In an action to recover the forfeiture upon any penal statute, where the remedy for the forfeiture is given to the *party injured or aggrieved*, or to *such party and the state*, it is *not* necessary that the authority signing the writ or process, should make a minute thereon of the true day, month, and year, when the same was exhibited to him.

*Grand Isle.*
*January,*
*1826.*

*Stat.506,ch.
73, No. 3, § 4.

Stat. 289, ch.
39, § 5.

THE original action was debt, on the Statute of 1817,* in which Hall declared against Adams; for that he *suffered* and *permitted* his ram to go at large off his premises; and that said ram was found in the enclosure of Hall, among his sheep.

There was, first, a plea in abatement, that the writ ought to abate and be quashed, because there was no minute or memorandum in writing, made by the magistrate, at the time of the commencing the suit, of the true day, month, and year, when the same was exhibited. To this plea there was a replication,

that such minute, as required by law, was made by the magis- *Grand Isle,* trate, &c. and issue joined thereon to the Court.   On this   *January,* there was a judgment not finding the issue either way, but sim-   *1826.* ply, that the plea in abatement do not prevail, and that the de-   *Hall* fendant answer over.   *vs.* *Adams.*

The general issue of *nil debet* was then pleaded, and joined to the jury; upon the trial of which issue, the county court•directed the jury to find the issue in favour of the defendant, because there was no minute made by the magistrate as aforesaid ; and the jury found accordingly : to which the plaintiff excepted. The question now presented by this writ of error is, whether the county court were warranted in such direction to the jury?

*Thompson* and *Brown,* for the plaintiff in error, contended,

1. That this point had been previously settled, by the judgment upon the plea in abatement.

2. The fact of there being, or not being, such a minute, was, by the charge, virtually submitted to the jury; whereas, the Court ought to have determined the fact from an inspection of the record, and decided the effect of it.

3. No such minute was necessary in this case.   *Stat.* 288, ch. 39, *sec.* 1. *and sec.* 5.—*Ibid.* 292, *No.* 4.—*Brayton's Rep.* 188.

*Whittemore,* for the defendant in error, contended, that the explanatory statute of 1808 relates only to that part of the first section of the statute of limitations, which limits penal actions to one year, because reference is made to that section only; and if the legislature intended to affect the fifth section, which requires a minute of the day and year when the complaint was exhibited, such intent would be made manifest, at least, by a reference to the 5th section, especially as no other subject than the minute, is embraced in that section.

The object of the amendment, was to give the ordinary time to an injured plaintiff, but does not directly or indirectly allude to the minute.

The opinion of the Court was delivered by

Royce, J.   The first objection taken to the charge, by the plaintiff in error, is that the county court were precluded from any further agitation of the question in relation to the minute, by their decision upon the plea in abatement.   But it is sufficiently evident, that no minute was, in fact, made, and no previous opinion, or decision of the court, as to the necessity of it, could prevent them, in any stage of the cause, from arresting its further progress for want of the memorandum, if, in fact, the memorandum was necessary to uphold the action.

It was certainly improper for the county court to direct the jury to find the issue in favour of the defendant, for want of the memorandum, since the existence of such a minute had no connexion with the merits of the case, which alone were in issue before the jury.   But still, if the suit was void, without the minute, this ought to be considered a formal inaccuracy, for which the judgment ought not, and, indeed, could not, be reversed.

*Grand Isle,*
*January,*
*1826.*

Hall
*vs.*
Adams.

So that the real objection is, that such memorandum was not, in this case, necessary. Though it might admit of some doubt, whether a penal action given solely to the party aggrieved, was originally meant to be embraced in the first section of the act, yet, by early and repeated decisions, such cases were determined to be within that section. And the Court consider the plaintiff in this case to have been the party aggrieved. Actions of the present description are given to the owner or keeper of the sheep; and in either case, the action is evidently given in view of the injury supposed to be sustained by the owner or keeper.

No doubt could, therefore, be allowed, upon the original statute only, but that, in this case, a memorandum under the 5th section of that statute was absolutely necessary; and without it, the suit would be void.

Statute, 292.

But, in 1808, an additional statute was passed, which enacted, that no penal action given to the party aggrieved, should be construed to be within the first section of the original statute. Since the passing of this explanatory statute, the two acts are to be taken together, and are the same as the original statute would have been, with an omission, or exception, in the first section, of the present case. The question then arises, whether the 5th section can apply to this case, since it is no longer within the first section. It is manifest, that the requirement of the memorandum is made solely with reference to the limitations established by the previous sections of the statute. Now, whether the effect of the act of 1808 is to discharge actions like the present, from all limitation, is a question which the Court do not decide; but, as it certainly discharges them from the limitation contained in the said first section, and as the present case, in the opinion of the Court, does not fall within the limitation of either of those other *preceding sections*, it follows, that the reason of requiring the memorandum, in cases like the present, no longer exists. The limitation in those sections is the principal, and the memorandum the incident; and when the former is destroyed by the legislature, we may well suppose they intended the latter should also cease.

It is considered likewise, that the operation of the said 5th section upon the present case is excluded, by the express words of the two statutes, when taken in connexion; for the present case is not now contained, or within the meaning of the law, mentioned in either of the preceding sections of the original act.

This would be the opinion of the Court, were the present a new question. But it has already been decided by this Court, in accordance with the opinion now expressed. Therefore, upon the authority of the case cited, as well as upon our opinion of the present case, we consider that the memorandum was not necessary, and that the county court erred in defeating the action, for want of such memorandum.

*J. C. Thompson* and *S. S. Brown*, attornies for plaintiff.

*A. G. Whittemore*, attorney for defendant.